NOT DESIGNATED FOR PUBLICATION

No. 119,874

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

LAKESHIA M. SCOTT,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; JEFFREY SYRIOS, judge. Opinion filed August 9, 2019. Affirmed.

*Kai Tate Mann*, of Kansas Appellate Defender Office, for appellant.

*Lesley A. Isherwood*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before GREEN, P.J., STANDRIDGE, J., and MCANANY, S.J.

PER CURIAM: Lakeshia M. Scott pled guilty to aggravated battery which created a presumptive prison sentence for Scott. As part of her plea agreement, she was required to successfully complete inpatient drug treatment and was released on a personal recognizance bond to complete treatment before sentencing. While in housed outpatient treatment, she used cocaine. At sentencing, Scott moved for a downward dispositional departure to probation, but the trial court did not grant it. Instead, it gave her a durational departure on her presumptive sentence. Scott now appeals, arguing the trial court abused

1

its discretion by not granting the dispositional departure. For the reasons stated later, we affirm.

On June 5, 2018, Lakeshia Scott entered a plea agreement with the State. Under the plea agreement, she pled guilty to one count of aggravated battery, a severity level 7 person felony. The agreement required Scott to successfully complete an inpatient drug treatment program, and the State agreed to dismiss an additional charge and join Scott's motion for a dispositional departure to probation. The agreement contained language releasing the State from the agreement if Scott failed to complete inpatient treatment or violated her bond. Scott was released on a personal recognizance bond and received drug rehabilitation treatment from the Women's Recovery Center of Central Kansas. This treatment entailed intensive inpatient treatment followed by housed outpatient treatment. Scott completed the intensive inpatient treatment on July 5, 2018, and was participating in housed outpatient treatment when, on July 18, 2018, Scott admitted to having used cocaine two days earlier. She was discharged from the outpatient portion of the treatment program for her admitted cocaine use. And the State revoked her bond on July 19, 2018.

At sentencing, the trial court determined that the State was no longer bound by the terms of the plea agreement because of Scott's bond violations. Scott's conviction dictated a presumptive prison sentence ranging from 27 to 31 months. Scott moved for a departure sentence to probation. In supporting her request for probation, she maintained that she needed further treatment for her admitted cocaine addiction. As evidence of her suitability for probation, she cited several things:  her completion of inpatient treatment, her willingness to take steps to address her addiction, her previous criminal history being drug related, her current crime of conviction not being especially serious, her current crime's victim not wanting her to go to prison, the lack of drug treatment in prison, and her desire to raise her daughter.

2

The trial court denied Scott's request for a dispositional departure, but the court granted a downward durational departure to 24 months in prison. The trial court noted her technical completion of inpatient treatment and addressed the idea of probation helping Scott's reformation, but the court found this argument unpersuasive. It stated: "[S]he was right on the heels of inpatient treatment during outpatient treatment when she used again and then was discharged from that program." The trial court also considered Scott's previous criminal history, acceptance of responsibility, and availability of rehabilitative programs. In making the decision of a durational departure, the trial court chose to do so in recognition of the efforts Scott made and her acceptance of responsibility. By granting her a durational departure, it would allow her quicker access to rehabilitation programs upon completion of her prison sentence.

Scott now appeals.

The sole issue presented on appeal is whether the trial court abused its discretion when it refused to grant Scott's motion for a dispositional departure sentence. "Appellate courts review the grant of a sentencing departure motion for an abuse of discretion." *State v. Rochelle*, 297 Kan. 32, 45, 298 P.3d 293 (2013). A judicial action constitutes an abuse of discretion (1) if no reasonable person would take the view adopted by the trial court; (2) if it is based on an error of law; or (3) if it is based on an error of fact. *State v. Marshall*, 303 Kan. 438, 445, 362 P.3d 587 (2015). The party asserting the trial court abused its discretion bears the burden of showing the abuse of discretion. *State v. Stafford*, 296 Kan. 25, 45, 290 P.3d 562 (2012). Scott argues no reasonable person would have agreed with the trial court's decision to grant a durational departure instead.

The trial court denied Scott's motion for a dispositional departure. In doing so, it considered her technical completion of inpatient treatment, criminal history, admission of guilt, and available rehabilitative programs. Although the trial court denied a

3

dispositional departure to probation, it granted a downward durational departure. In granting this, the trial court recognized Scott's efforts in inpatient treatment, acceptance of responsibility, and quicker access to rehabilitative programs upon release.

Scott asserts the trial court failed to fulfill any penological goal when it granted her a shortened prison sentence in lieu of probation and this failure shows the unreasonableness of the trial court's decision. Legitimate penological goals include retribution, deterrence, incapacitation, and rehabilitation; and no one factor should be considered at the expense of ignoring the others. See *State v. Mossman*, 294 Kan. 901, 911-12, 281 P.3d 153 (2012); *State v. Reed*, 51 Kan. App. 2d 107, 111, 341 P.3d 616 (2015). Scott's argument for a dispositional departure focuses extensively on her rehabilitation, and she only superficially addresses retribution, deterrence, and incapacitation.

Scott's admitted cause of criminality is her cocaine addiction, and her motion for a dispositional departure was made on the basis that probation would allow her access to treatment facilities. When Scott violated her bond by using cocaine, she had just completed level 3 inpatient treatment and was currently engaged in outpatient treatment. In addressing whether a nonprison sanction would be more appropriate than prison in Scott's reformation, the trial court stated: "I don't think that has been met either, because she was right on the heels of inpatient treatment during outpatient treatment when she used again and then was discharged from that program." Scott also argues probation would be effective retribution and the threat of a sentence looming over her while on probation would deter her from future crimes during drug treatment. Nevertheless, these arguments brush aside the real problem.

To rephrase the trial court's statement, Scott was not deterred from using cocaine while in outpatient treatment. Similarly, a reasonable person could believe she would not be deterred from using cocaine or any other illegal drug again if given the autonomy of

4

probation. Scott knew her bond could be revoked if she violated its conditions, and she did it anyway. Scott now argues probation would address incapacitation as a penological goal, but this argument falls short of the mark. When Scott was released from inpatient treatment and moved to outpatient treatment, she used cocaine again. Her track record shows if she has the capacity to use cocaine, she will do so, and a dispositional departure to probation will not help the matter.

A reasonable person could agree that pursuing Scott's goal of rehabilitation separately from retribution, deterrence, and incapacitation ignores the salient facts. The record indicates drug treatment programs while on bond failed to rehabilitate her, and a reasonable person could believe Scott requires an additional lever to change her ways. Moreover, her underlying crime of conviction was for aggravated battery. In committing this crime, she stabbed her boyfriend. Retribution as a penological factor should not be viewed in relation to her drug addiction, but rather the violent crime to which she pled guilty. The trial court's denial of her motion for a dispositional departure to probation was reasonable, and the court's granting of a downward durational departure was appropriate. Accordingly, Scott fails to show that the trial court abused its discretion when it denied the dispositional departure in this matter.

Affirmed.